**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| GARRETT SITTS, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>DAIRY FARMERS OF AMERICA, INC. and DAIRY MARKETING SERVICES, LLC,<br><br>     Defendants. | Civil Action No. 2:16-cv-00287-cr |

**DEFENDANTS DAIRY FARMERS OF AMERICA, INC.
AND DAIRY MARKETING SERVICES, LLC'S MOTION *IN LIMINE* NO. 2 TO
PRECLUDE EVIDENCE OF ACTIVITIES, EVENTS, AND COMMUNICATIONS
THAT OCCURRED PRIOR TO OCTOBER 2005
<u>AND MEMORANDUM OF LAW IN SUPPORT</u>**

**EVIDENTIARY HEARING REQUESTED**

Defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC, (collectively, "DFA") respectfully submit this motion *in limine* under Federal Rules of Evidence 401, 402, and 403, to preclude all evidence of, and argument regarding, activities, events, and communications that occurred prior to October 2005.[1]  As plaintiffs acknowledge in their complaint, plaintiffs were purported class members of litigation filed in October 2009, meaning that, at the earliest, only conduct dating back to October 2005 can be challenged by plaintiffs.[2]  *See* Revised First Amended Complaint, ECF No. 29 (hereinafter "RFAC") ¶¶ 1-2, 235-36; *see also* 15 U.S.C. § 15b (Clayton Act has four-year statute of limitations); *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 338 (1971).

It is DFA's understanding that plaintiffs intend to introduce substantial evidence of events that occurred prior to October of 2005.  *See*, *e.g.*, RFAC at ¶¶ 101-136.  Such evidence is outside the statute of limitations applicable to plaintiffs' claims and is therefore irrelevant.  Even if such evidence were relevant, its probative value would be outweighed by the dangers of confusion, unfair prejudice, and misleading the jury.  *See* Fed. R. Evid. 403.  Accordingly, the Court should preclude plaintiffs from introducing evidence of activities, events, and communications that occurred prior to October 2005.

I. **EVIDENCE OF ACTIVITIES, EVENTS, AND COMMUNICATIONS THAT OCCURRED BEFORE OCTOBER 2005 SHOULD BE EXCLUDED BECAUSE IT IS NOT RELEVANT TO PLAINTIFFS' CLAIMS**

Conduct that occurred before October 2005 is outside the statute of limitations and therefore is not actionable or relevant.  *See, e.g., Babin v. Plaquemines Par.*, No. 18-7378-WBV-

---

[1]  DFA reserves the right to file additional motions *in limine* after this date, given that plaintiffs have not yet identified the plaintiffs who will participate in the first trial pursuant to this Court's May 1, 2020 Order (ECF No. 191).

[2]  This assumes the applicability of tolling consistent with *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1974).

DMD, 2019 U.S. Dist. LEXIS 184884, at *8-9 (E.D. La. Oct. 25, 2019) (precluding party from presenting evidence related to events that occurred outside the statute of limitations on relevancy grounds); *Chavez v. Arancedo*, No. 17-20003-Civ, 2018 U.S. Dist. LEXIS 163383, at *8 (S.D. Fla. Sep. 24, 2018) ("[W]e are unpersuaded that evidence outside of the applicable statute of limitations is relevant to the facts of this case at trial."). The litany of factual assertions of conduct from the 1990s and early 2000s (15-20 years ago) contained in plaintiffs' complaint is not relevant to plaintiffs' current claims; if plaintiffs wanted to challenge those events and viewed them as evidence showing violations of law, they would have needed to file suit well before 2009.

The details of transactions and events that led to DFA being in the market position it held in October 2005 are not necessary or relevant to the analysis of DFA's post-October 2005 conduct and its impact on the relevant market. Evidence about those events is not probative of any fact at issue in the case, as only events that occurred in October 2005 and later are at issue.[3] Accordingly, such evidence should be excluded as irrelevant.

II. **EVEN IF PRE-OCTOBER 2005 EVIDENCE WERE RELEVANT, ITS PROBATIVE VALUE WOULD BE OUTWEIGHED BY THE DANGERS OF CONFUSING OR MISLEADING THE JURY AND CAUSING UNDUE PREJUDICE TO DFA**

Even if the Court determines that some or all evidence of activities, events, and communications that occurred before October 2005 is relevant, such evidence is of limited probative value, and that value is outweighed by the very real danger that such evidence might confuse or mislead the jury, unduly prejudicing DFA. *See Babin v. Plaquemines Par.*, 2019 U.S. Dist. LEXIS 184884, at *9 (explaining it "is likely to cause jury confusion if jurors consider evidence of events that fall outside the applicable statute of limitations in determining whether

---

[3] Unlike the plaintiffs in *Allen v. DFA*, No. 5:09-cv-00230 (D. Vt.), plaintiffs here do not seek to recover damages for any time period prior to 2005.

Defendant violated" the law). This risk is particularly high here where the probative value of such evidence will be limited due to the passage of 15 years or more, making it less likely that witnesses who could provide context or explanation for such evidence would both be available and have reliable memories of the surrounding circumstances.

Courts consistently emphasize that the policies animating statutes of limitations include "avoidance of litigation involving lost evidence or distorted testimony of witnesses." *Carey v. IBEW Local 363 Pension Plan*, 201 F.3d 44, 47 (2d Cir. 1999). If plaintiffs introduce evidence related to events and conduct that took place more than 15 years ago, DFA's hands would be tied regarding the presentation of rebuttal evidence, as many DFA employees and executives from that timeframe have since retired, changed jobs, or in some instances, passed away. Even employees and others who are still accessible as witnesses are unlikely to remember the details surrounding specific conversations or transactions that took place 15 or more years ago—memories have likely faded, recollections have become less reliable, and the market facts that may have justified such actions at the time will be much less apparent.

Because pre-October 2005 evidence may not be subject to challenge due to the passage of time, it is of limited probative value. The risks that the jury might be confused or misled by evidence regarding events that occurred outside the statute of limitations is high, as the jury is likely to assume that any evidence of transactions or other events presented to them is an allegedly unlawful act being challenged by plaintiffs. Moreover, because of DFA's potential inability to present rebuttal testimony, the presentation of such evidence would be unfairly prejudicial to DFA. The Court should conclude that the risks of confusion, misleading the jury, and unfair prejudice to DFA outweigh the limited probative value of evidence of conduct from fifteen or more years ago, and the Court should preclude plaintiffs from introducing such evidence.

**CONCLUSION**

For the foregoing reasons, DFA respectfully requests an order *in limine* precluding all evidence of, and argument regarding, activities, events, and communications that occurred prior to October 2005. DFA also respectfully requests that the Court schedule a hearing on this motion.

Dated: May 20, 2020

Respectfully submitted,

/s/ *Alfred C. Pfeiffer Jr.*
Alfred C. Pfeiffer Jr. (admitted *pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095
Email: al.pfeiffer@lw.com


Margaret M. Zwisler (admitted *pro hac vice*)
Jennifer L. Giordano (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: 202-637-2200
Facsimile: 202-637-2201
Email: margaret.zwisler@lw.com
Email: jennifer.giordano@lw.com


W. Todd Miller (admitted *pro hac vice*)
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: 202-663-7820
Facsimile: 202-663-7849
Email: tmiller@bakerandmiller.com


Ian P. Carleton
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, P.O. Box 66
Burlington, VT 05402

Telephone: 802-864-9891
Email: icarleton@sheeheyvt.com

*Counsel for Defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC*

5

**LOCAL RULE 7(A)(7) CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 7(a)(7), the undersigned counsel for DFA certifies that DFA made a good faith attempt to obtain plaintiffs' agreement to the requested relief in this motion, but was not able to do so.

| | |
|---|---|
| Dated: May 20, 2020 | /s/ *Alfred C. Pfeiffer Jr.*<br>Alfred C. Pfeiffer Jr. (admitted *pro hac vice*)<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: 415-391-0600<br>Facsimile: 415-395-8095<br>Email: al.pfeiffer@lw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2020, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

Joel G. Beckman, Esq. (jbeckman@nbparis.com)

Gary L. Franklin, Esq. (gfranklin@primmer.com)

William C. Nystrom, Esq. (wnystrom@nbparis.com)

Elizabeth A. Reidy, Esq. (ereidy@nbparis.com)

Dana A. Zakarian, Esq. (dzakarian@nbparis.com)

Dated: May 20, 2020

/s/ *Alfred C. Pfeiffer Jr.*
Alfred C. Pfeiffer Jr. (admitted *pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095
Email: al.pfeiffer@lw.com