**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| **GARRETT AND RALPH SITTS, et al.,**<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**DAIRY FARMERS OF AMERICA, INC., and DAIRY MARKETING SERVICES, LLC,**<br><br>**DEFENDANTS.** | **Civil Action No. 2:16-cv-00287-cr** |

# EXHIBIT 8 TO
# THE JUNE 2, 2020 DECLARATION OF
# ALFRED C. PFEIFFER JR.

COMMONWEALTH OF MASSACHUSETTS

SUPREME JUDICIAL COURT

SUFFOLK, ss.                                                                                                              OE-144

In Re: COVID-19 (Coronavirus) Pandemic

SECOND UPDATED ORDER
REGARDING COURT OPERATIONS UNDER THE EXIGENT
CIRCUMSTANCES CREATED BY THE COVID-19 (CORONAVIRUS) PANDEMIC

To safeguard the health and safety of the public and court personnel during the COVID-19 (coronavirus) pandemic while continuing to increase the business being conducted by the courts, the Supreme Judicial Court (SJC), pursuant to its superintendence and rule-making authority, issues the following ORDER:

1. Prior order.  Effective June 1, 2020, this Order shall repeal and replace the Updated Order Regarding Court Operations Under The Exigent Circumstances Created By The COVID-19 (Coronavirus) Pandemic, which was issued on April 27, 2020, and took effect on May 4, 2020 (May 4 Order).

2. Virtual emergency and non-emergency matters.  Until at least July 1, 2020, all the courts of the Commonwealth will be open to conduct emergency and non-emergency court business, in both civil and criminal cases, and to adjudicate emergency and non-emergency matters identified in accordance with paragraphs 4 and 5.  But courthouses will continue to be closed to the general public and all business will be conducted virtually (i.e., by telephone, videoconference, email, or comparable means, or through the electronic filing system), except as provided in paragraph 3 below.  Where court personnel are physically present in a courtroom for the purpose of conducting a virtual hearing, no one other than court personnel may be physically present in the courtroom without the approval of the judge or clerk-magistrate conducting the hearing.

3. In-person emergency matters only.  In-person proceedings will be conducted only where entry to a courthouse is required to address emergency matters that cannot be resolved virtually because it is not practicable or would be inconsistent with the protection of constitutional rights.

4. Identification of emergency matters.  The Appeals Court and each of the Trial Court departments have issued standing orders or guidelines, specifying what constitutes an emergency matter in that particular court, and have posted all such orders and guidelines on the "Court System Response to COVID-19" webpage (https://www.mass.gov/guides/court-system-response-to-covid-19) (COVID-19 webpage) (see paragraph 16 below).  The Chief Justice of a Trial Court department, after consultation with the Chief Justice of the Trial Court, may order

1

that a court division or location conduct all business virtually and/or may transfer all in-person emergency matters to specified courts within the department.

5. Public guidance on non-emergency matters. In accordance with the May 4 Order, each of the Trial Court departments issued standing orders or guidelines identifying categories of non-emergency matters that it will address virtually. Each Trial Court department shall now identify any additional categories of non-emergency matters that it will attempt to address virtually, in whole or in part, where it is practicable to do so in view of (a) limited court staffing, (b) technological constraints, (c) the need to prioritize emergency or other matters, and (d) legal constraints, such as the moratorium on evictions and foreclosures signed into law by the Governor of the Commonwealth on April 20, 2020, see St. 2020, c. 65. The department shall post notices to the COVID-19 webpage (see paragraph 16 below) that provide clear guidance to the public and members of the bar identifying any additional categories of non-emergency matters that it will address. Nothing in this Order bars any court from addressing other non-emergency matters with the approval of the judge or clerk-magistrate.

6. Clerks', Registers', and Recorder's Offices. Except as provided in paragraph 5, all court clerks', registers', and recorder's offices shall conduct emergency and non-emergency court business, including accepting the filing of pleadings and other documents, scheduling and facilitating hearings, and issuing orders. In addition, these offices shall continue to answer questions from attorneys, litigants, and the general public. Each Trial Court department shall provide departmental-wide guidance on the COVID-19 webpage as to how, in addition to by mail and, when available, electronic filing, pleadings and other documents can be filed without coming to the office of a court clerk, register, or recorder. All business conducted by these offices will be conducted virtually unless, in an emergency matter, the filing of pleadings and other documents cannot be accomplished virtually and can be done only in-person. Each clerk, register, or recorder is authorized to require the physical presence of additional staff as may be necessary to address additional categories of non-emergency matters, provided that any such increase in staff presence will be conducted in accordance with health and safety protocols established by the Trial Court.

7. Who can enter courthouses for an emergency in-person proceeding. Entry into a courthouse for the purpose of an emergency in-person proceeding shall continue to be limited to attorneys, parties, witnesses, and other necessary persons as determined by the judge presiding over the proceeding, plus no more than three members of the "news media" as defined in Supreme Judicial Court Rule 1:19(2).

Further, in cases where a trial court judge has ordered electronic monitoring in the form of either GPS or remote alcohol monitoring or in cases where, pursuant to an earlier court order, previously installed electronic monitoring equipment requires maintenance or removal, all installations, maintenance, or removals of such equipment may occur in the courthouse to ensure security and access to personal protective equipment by probation personnel.

8. Jury and Bench Trials. All jury trials, in both criminal and civil cases, scheduled to commence in Massachusetts state courts at any time from March 14, 2020, through September 4, 2020, are hereby continued to a date no earlier than September 8, 2020. All bench trials in civil

cases scheduled to commence in Massachusetts state courts at any time from March 14, 2020, through June 30, 2020, are hereby continued to a date no earlier than July 1, 2020, unless in the trial judge's discretion the trial may be conducted virtually.  All bench trials in criminal cases scheduled to commence in Massachusetts state courts at any time from March 14, 2020, through June 30, 2020, are hereby continued to a date no earlier than July 1, 2020, unless the trial may be conducted virtually by agreement of the parties and the trial judge.

      9.   Application for conference.  A party who has had a trial or other non-emergency hearing postponed as a result of this Order or the Prior SJC Orders[1] may apply for a conference with the court where the trial or other non-emergency hearing was to occur to address matters arising from the postponement, which shall be conducted virtually.  In criminal cases, where appropriate, a defendant may ask the court for reconsideration of bail or conditions of release.  Nothing in this Order addresses the disposition of such requests for reconsideration.

      10.   Speedy Trial Computations.  The continuances occasioned by this Order and the Prior SJC Orders serve the ends of justice and outweigh the best interests of the public and criminal defendants in a speedy trial.  Therefore, the time periods of such continuances shall be excluded from speedy trial computations under Mass. R. Crim. P. 36.

      11.   Grand jury.  No new grand jury shall be empaneled prior to September 8, 2020, unless so ordered by the SJC.  Grand juries whose terms expire before the empanelment of a new grand jury shall be extended until the date of that new empanelment.  No sitting grand jury shall be convened without the approval of the Superior Court Regional Administrative Justice (RAJ) who, after consultation with the Chief Justice of the Superior Court, shall set such conditions as may be necessary to minimize risk to members of the grand jury, court personnel, and witnesses.  The RAJ or the Chief Justice of the Superior Court may consult with the Jury Commissioner regarding such conditions.

      12.   Statutes of limitation.  All civil statutes of limitations are tolled from March 17, 2020, through June 30, 2020, when the tolling period shall end and not be further extended unless there is a new surge in COVID-19 cases in the Commonwealth and the SJC determines that a new or extended period of tolling is needed.  All criminal statutes of limitation are tolled from March 17, 2020, through August 31, 2020.  The new date for the expiration of a statute of limitation is calculated as follows:  determine how many days remained as of March 17, 2020, until the statute of limitation would have expired, and that same number of days will remain as of July 1, 2020 in civil cases and as of September 1, 2020 in criminal cases.  For example, if fourteen (14) days remained as of March 17 before the statute of limitation would have expired in a civil case, then fourteen (14) days will continue to remain as of July 1, before the statute of limitation expires (i.e., July 15), and if fourteen (14) days remained as of March 17 before the

---

[1] "Prior SJC Orders" means the May 4 Order, the March 13, 2020 Order Regarding Empanelment Of Juries, the March 17, 2020 Order Limiting In-Person Appearances In State Courthouses To Emergency Matters That Cannot Be Resolved Through A Videoconference Or Telephonic Hearing, and the April 1, 2020 Order Regarding Court Operations Under The Exigent Circumstances Created By The COVID-19 (Coronavirus) Pandemic.

statute of limitation would have expired in a criminal case, then fourteen (14) days will continue to remain as of September 1, before the statute of limitation expires (i.e., September 15).

13. <u>Deadlines set forth in statutes or court rules, standing orders, or guidelines</u>. Unless otherwise ordered by the applicable appellate court, court department, or judge(s) presiding over the court case, all deadlines set forth in statutes or court rules, standing orders, tracking orders, or guidelines that expired or will expire at any time from March 17, 2020, through June 30, 2020, are tolled until July 1, 2020, when the tolling period shall end and not be further extended unless there is a new surge in COVID-19 cases in the Commonwealth and the SJC determines that a new or extended period of tolling is needed. Any deadline concerning the commencement of trial is tolled through September 7, 2020, unless a bench trial commences before that date. The new deadline in each instance is calculated as follows: determine how many days remained as of March 17, 2020, until the original deadline, and that same number of days will remain as of July 1, 2020, until the new deadline. For example, if a rule set a thirty (30) day deadline and fourteen (14) days remained as of March 17 before that deadline would have been reached, then fourteen (14) days will continue to remain as of July 1, before the new deadline is reached (i.e., July 15). If the thirty (30) day period commenced after March 16, then thirty (30) days remain as of July 1 before the new deadline is reached (i.e., July 31).[2] If a deadline tolled pursuant to this paragraph is one of a series of deadlines under a tracking order, all of the subsequent deadlines are extended by the same number of days as the deadline tolled pursuant to this paragraph, unless otherwise ordered by the applicable court.

14. <u>Court-ordered deadlines in particular cases</u>. Unless otherwise specifically ordered by the judge presiding over the court case, all deadlines established by a court in a particular case prior to March 17, 2020, that expire at any time from March 17, 2020, through June 30, 2020, are tolled until July 1, 2020, when the tolling period shall end and not be further extended unless there is a new surge in COVID-19 cases in the Commonwealth and the SJC determines that a new or extended period of tolling is needed. Deadlines regarding the commencement of trial (jury and bench) are tolled through September 7, 2020, unless a bench trial commences before that date. To calculate the new deadline, see the guidance in paragraph 13. This Order does not toll any deadline established by a court in a particular case that was issued on or after March 17, 2020. Probation termination dates are not tolled by this provision.

15. <u>Expiring injunctions and similar orders</u>. Unless otherwise ordered by the applicable court, all orders in a particular case that were issued prior to March 17, 2020, after an adversarial hearing (or the opportunity for an adversarial hearing), that enjoined or otherwise restrained or prohibited a party from taking some act or engaging in some conduct until a date at any time from March 17, 2020, through June 30, 2020, shall remain in effect until the matter is

---

[2] The tolling of deadlines under paragraph 13 applies to motions filed under Mass. R. Crim. P. 29, see *Committee for Public Counsel Services v. Chief Justice of the Trial Court (No. 2)*, SJC-12926, at 3 n.3 (Apr. 28, 2020), but not to deadlines set in the standing orders issued by the Boston Municipal Court (Standing Order 5-20), District Court (Standing Order 4-20), Juvenile Court (Standing Order 5-20), and Superior Court (Standing Order 5-20), effective April 6, 2020, regarding motions arising from the decision of the Superior Judicial Court in *Committee for Public Counsel Services* v. *Chief Justice of the Trial Court (No. 1)*, 484 Mass. 431 (2020).

rescheduled and heard.  To the extent they are not already doing so, Trial Court departments shall begin to reschedule and hear these matters virtually where practicable.  Orders issued on or after March 17, 2020, after a virtual or in-person adversarial hearing (or the opportunity for an adversarial hearing), may issue for the full period allowed by the applicable statute.

16.  <u>Publication of COVID-19 orders</u>.  All orders, standing orders, guidelines, and notices under paragraphs 5 and 6 issued by any court department or appellate court in response to the pandemic, as well as all amendments, modifications, and supplements thereto, or the equivalent, shall be posted upon issuance on the judiciary's COVID-19 webpage.  Links to each document may be found on that webpage.

17. The SJC may issue further Orders regarding this matter as necessary to address the circumstances arising from this pandemic.

This Order is effective June 1, 2020, and shall remain in effect until further order of the court.

|  |  |
|---|---|
| <u>RALPH D. GANTS           </u> ) |  |
| ) | Chief Justice |
| ) |  |
| <u>BARBARA A. LENK          </u> ) |  |
| ) |  |
| ) |  |
| <u>FRANK M. GAZIANO     </u> ) | Justices |
| ) |  |
| ) |  |
| <u>DAVID A. LOWY            </u> ) |  |
| ) |  |
| ) |  |
| <u>KIMBERLY S. BUDD       </u> ) |  |
| ) |  |
| ) |  |
| <u>ELSPETH B. CYPHER     </u> ) |  |
| ) |  |
| ) |  |
| <u>SCOTT L. KAFKER         </u> ) |  |

Entered:  May 26, 2020
Effective:  June 1, 2020

5