**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| **GARRETT AND RALPH SITTS, et al.,**<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**DAIRY FARMERS OF AMERICA, INC., and DAIRY MARKETING SERVICES, LLC,**<br><br>**DEFENDANTS.** | **Civil Action No. 2:16-cv-00287-cr** |

# EXHIBIT 17 TO
# THE JUNE 2, 2020 DECLARATION OF
# ALFRED C. PFEIFFER JR.

# IN THE SUPREME COURT OF TEXAS

Misc. Docket No. 20-9071

## SEVENTEENTH EMERGENCY ORDER REGARDING THE COVID-19 STATE OF DISASTER

**ORDERED** that:

    1.    Governor Abbott has declared a state of disaster in all 254 counties in the State of Texas in response to the imminent threat of the COVID-19 pandemic. This Order is issued pursuant to Section 22.0035(b) of the Texas Government Code.

    2.    The Twelfth Emergency Order Regarding the COVID-19 State of Disaster (Misc. Dkt. No. 20-9059) issued April 27, 2020, Paragraphs 3, 4, 5, 6, and 9, are renewed as amended.

    3.    Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:

        a.    except as provided in paragraph (b), modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than September 30, 2020;

        b.    in all proceedings under Subtitle E, Title 5 of the Family Code, specifically including but not limited to Section 263.401(b):

            (i)    modify or suspend a deadline or procedure—whether imposed by statute, rule, or order—for a stated period not to exceed 180 days;

            (ii)    extend the dismissal date for any case previously retained on the court's docket for an additional period not to exceed 180 days from the date of this Order.

        c.    Allow or require anyone involved in any hearing, deposition, or other proceeding of any kind—including but not limited to a party, attorney, witness, court

reporter, grand juror, or petit juror—to participate remotely, such as by teleconferencing, videoconferencing, or other means;

  d. Consider as evidence sworn statements made out of court or sworn testimony given remotely, out of court, such as by teleconferencing, videoconferencing, or other means;

  e. Conduct proceedings away from the court's usual location with reasonable notice and access to the participants and the public;

  f. Require every participant in a proceeding to alert the court if the participant has, or knows of another participant who has: (i) COVID-19 or flu-like symptoms, or a fever, chills, repeated shaking with chills, cough, shortness of breath or difficulty breathing, muscle pain, headache, sore throat, loss of taste or smell, diarrhea; or (ii) been in close contact with a person who is confirmed to have COVID-19;

  g. Take any other reasonable action to avoid exposing court proceedings to the threat of COVID-19.

  4. Courts must not conduct in-person proceedings contrary to guidance issued by the Office of Court Administration regarding social distancing, maximum group size, and other restrictions and precautions. Prior to holding any in-person proceedings on or after June 1, 2020, a court must submit an operating plan that is consistent with the requirements set forth by the Office of Court Administration's Guidance for All Court Proceedings During COVID-19 Pandemic issued on May 4, 2020. Courts must continue to use all reasonable efforts to conduct proceedings remotely.

  5. Existing grand juries may meet remotely or in-person as long as adequate social distancing and other restrictions and precautions are taken to ensure the health and safety of court staff, parties, attorneys, jurors, and the public. Courts should consider extending the term of a grand jury under Section 24.0125 of the Texas Government Code and reassembling discharged grand juries under Article 19.41 of the Texas Code of Criminal Procedure.

  6. A court must not hold a jury proceeding, including jury selection or a jury trial, prior to August 1, except as authorized by this Order.

  7. The Office of Court Administration, in coordination with the Regional Presiding Judges and the local administrative judges, should assist trial courts in conducting a limited number of jury proceedings prior to August 1, whether in-person or remote proceedings involving grand

and petit jurors, and, no later than July 31, must submit a report to the Court outlining its observations regarding those jury proceedings and making recommendations regarding procedures for jury proceedings.

8. A jury trial conducted as part of the limited number of jury trials permitted prior to August 1 must:

    a. be at the request of the judge presiding over the case;

    b. ensure adequate social distancing and other restrictions and precautions are taken to ensure the health and safety of court staff, parties, attorneys, jurors, and the public;

    c. require the consent of all parties to the case except in a proceeding which is non-binding, in which case the consent of the parties is not required;

    d. take all reasonable steps to protect the parties' constitutional and statutory rights;

    e. require the admonishment of petit jurors as appropriate to ensure that proper attention is given by each juror and that outside influence is removed; and

    f. permit the Office of Court Administration to observe the processes used during the proceeding in order for the Office of Court Administration to prepare its report to the Court and to develop best practices for other courts' use.

9. Except for non-binding proceedings, a court may not permit or require a petit juror to appear remotely unless the court ensures that all potential and selected petit jurors have access to technology to participate remotely.

10. Pursuant to Sections 74.046 and 74.047 of the Texas Government Code, the Regional Presiding Judges are assigned the following duties:

    a. ensure that all courts in each region are operating in full compliance with the Court's Orders and the guidance issued by the Office of Court Administration;

    b. ensure that all trial court judges in each region, including justices of the peace and municipal court judges, do not conduct in-person proceedings inconsistent with the Court's Orders and the latest guidance issued by the Office of Court Administration;

      c.    report to the office of the Chief Justice of the Supreme Court any proceedings that are being conducted in the regions-and the court in which the proceedings are being conducted-that are inconsistent with the Court's Orders and the guidance issued by the Office of Court Administration; and

      d.    assist each region's local governments and courts to ensure that courts have the ability to conduct court business.

11.    Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and July 1, 2020, is extended until August 15, 2020. This does not include deadlines for perfecting appeal or for other appellate proceedings, requests for relief from which should be directed to the court involved and should be generously granted.

12.    In determining a person's right to possession of and access to a child under a court-ordered possession schedule in a Suit Affecting the Parent-Child Relationship, the existing trial court order shall control in all instances. Possession of and access to a child shall not be affected by any shelter-in-place order or other order restricting movement issued by a governmental entity that arises from the pandemic. The original published school schedule shall also control, and possession and access shall not be affected by the school's closure that arises from the pandemic. Nothing herein prevents parties from altering a possession schedule by agreement if allowed by their court order(s), or courts from modifying their orders on an emergency basis or otherwise.

13.    All deadlines, whether prescribed by statute, rule, or order, that expired or would have expired between March 13, 2020, and July 1, 2020, are extended until August 15, 2020:

      a.    in attorney professional disciplinary and disability proceedings; and

      b.    relating to the issuance or renewal of certifications, licenses, or registrations issued by the Judicial Branch Certification Commission, or for fulfilling mandatory continuing education.

14.    This Order is effective immediately and expires July 31, 2020 except as otherwise stated herein, unless extended by the Chief Justice of the Supreme Court.

15.    The Clerk of the Supreme Court is directed to:

      a.    post a copy of this Order on www.txcourts.gov;

      b.    file a copy of this Order with the Secretary of State; and

      c.    send a copy of this Order to the Governor, the Attorney General, and each member of the Legislature.

16.    The State Bar of Texas is directed to take all reasonable steps to notify members of the Texas bar of this Order.

Dated: May 26, 2020

_____
Nathan L. Hecht, Chief Justice

_____
Paul W. Green, Justice

_____
Eva M. Guzman, Justice

_____
Debra H. Lehrmann, Justice

_____
Jeffrey S. Boyd, Justice

_____
John P. Devine, Justice

_____
James D. Blacklock, Justice

_____
J. Brett Busby, Justice

_____
Jane N. Bland, Justice