**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| **GARRETT SITTS, et al.,**<br><br><br>**PLAINTIFFS,**<br><br>v.<br><br>**DAIRY FARMERS OF AMERICA, INC.,**<br>**and DAIRY MARKETING SERVICES,**<br>**LLC,**<br><br>**DEFENDANTS.** | **Civil Action No. 2:16-cv-00287-cr** |

**PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS**
**FROM ARGUING THAT PLAINTIFFS OR OTHER FARMERS WILL ULTIMATELY**
**BE RESPONSIBLE FOR PAYING ANY JUDGMENT**

Plaintiffs move *in limine* to preclude Defendants from arguing or otherwise insinuating to

the jury that certain of the Plaintiffs or other dairy farmers will ultimately be responsible for

paying any judgment entered in this matter.  As described below, the Court should preclude any

such argument pursuant to Federal Rules of Evidence 401, 402 and 403 because it is irrelevant,

unfairly prejudicial, and will mislead or confuse the jury.

In *Allen*, Defendants *agreed* not to argue that "farmers are 'suing themselves' or

suggesting that the jury should not award damages because farmers would be responsible for

paying any judgment."[1]  Plaintiffs are simply seeking the same relief here.

**BACKGROUND**

As this Court is aware, Plaintiffs have brought claims against Defendants for violations of

the Sherman Act—conspiracy to monopsonize, attempt to monopsonize, unlawful

---

[1] *See* ECF 533, Defendants' Response to Plaintiffs' Motion *In Limine* to Preclude Argument or
Implication at Trial that Plaintiffs are "Suing Themselves" or Will Have Responsibility to Pay
Their Own Judgment at 1, *Allen v. Dairy Farmers of America*, Case No. 5:09-cv-00230 (D. Vt.).

monopsonization, and conspiracy to restrain trade—arising from Defendants' conspiracy to

reduce competition, acquire monopsony power and suppress raw milk prices in Order 1.  Many

of the Plaintiffs are members of DFA or DMS.  During discovery, Defendants repeatedly

questioned Plaintiffs as to whether they were aware that other farmers (*i.e.*, DFA members)

would be responsible for satisfying any judgment.  For example:

> Q:  In the event that you prevail, where is DFA, as a member-owned cooperative, going to get the money to pay your damages?
>
> [Objection]
>
> A:  I don't know how much they have on hand, but otherwise, I suppose they'll have to get it from the farmers.
> . . .
> Q:  Are you comfortable with the other farmers who belong to DFA paying the damages that could be paid out to you as part of this litigation?  (Deposition of Plaintiff Shane Stalter at 134:6-25).

***

> Q:  Assume with me for the moment that your lawyers are seeking more than $75 million in damages in this case. Okay? Just assume that.
> . . .
> Q:  Where do you think DFA would get the money to pay a judgment of that size?
>
> A:  They'd probably pass it right back to us members.
>
> Q:  Do you think it would be fair to take money away from your fellow DFA members to pay the judgment in this case? (Deposition of Plaintiff Donald Scott Hymers at 129:4-130:20).

***

> Q:  Where would DFA, as a cooperative, get the money to pay for those damages?
>
> [Objection]
>
> A:  I don't deal with DFA's finances.
>
> Q:  Do you have any reason to believe that those damages would not be ultimately borne by the farmer members of DFA and DMS?
> . . .
> Q:  And do you think it's fair for – assuming that's the case, do you think it's fair for your fellow DFA farmers to pay damages to you and other non-DFA members

2

who are plaintiffs in this case?  (Deposition of Plaintiff Thomas Clark at 153:2-154:2).

In short, discovery in this matter demonstrated that Defendants intend to argue at trial that should a judgment be entered in this case, DFA's members (*i.e.*, the farmers, including some of the Plaintiffs) would be responsible for satisfying the judgment.[2]  As described below, Defendants should be precluded from offering such evidence or argument to the jury.

## ARGUMENT

Evidence as to *where* (or from whom) DFA will get the money to satisfy a judgment against it is not relevant to the claims or defenses in this case and, therefore, is inadmissible.  *See* Fed. R. Evid. 401, 402; *Santrayall v. Burrell*, 993 F. Supp. 173, 177 (S.D.N.Y. 1998) (precluding introduction of evidence that was of "not of consequence to the determination of this action"); *cf. Mendez v. Unitrin Diret Prop. & Cas. Ins. Co.*, 622 F. Supp. 2d 1233, 1241 (M.D. Fla. 2007) (question of "who pays that judgment" is "irrelevant to the issue for the jury to decide").

 Moreover, such evidence or argument would only serve to confuse and potentially mislead the jury and would unfairly prejudice the Plaintiffs.  *See* Fed. R. Evid. 403 ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis.").  For example, any such reference might cause the jury to decide the case on an improper basis—*i.e.*, by refusing to find Defendants liable because any judgment would be foisted onto the Plaintiffs and/or other DFA dairy farmers.  *Cf. Hampton Hardware, Inc. v. Cotter & Co.*, 156 F.R.D. 630, 633 (N.D. Tex. 1994) (defendants' communications to plaintiff cooperative members that they were "suing themselves" were improper).  As such, any such argument should

---

[2] To be clear, Plaintiffs do not seek to preclude Defendants from offering evidence or testimony: (i) that some Plaintiffs are members of DFA or otherwise sell milk through DMS; or (ii) regarding the structure or mechanics of a cooperative or marketing agency (*e.g.*, that the farmer-members are allegedly the "owners" of the cooperative).

be precluded under Rule 403.  *See* Fed. R. Evid. 403; *Fish v. Georgia-Pacific Corp.*, 779 F.2d 836, 839 (2d Cir. 1985) (evidence should be excluded if "its probative value [is] outweighed by the danger of unfair prejudice and confusion") (internal citations omitted).

Indeed, this situation is analogous to policyholders suing their insurance company or taxpayers suing the government.  In those situations, courts routinely preclude parties from arguing to the jury that insurance premiums or taxes could increase as a result of the judgment. *See, e.g., Baxter v. Anderson*, 2018 WL 259918, at * 7 (M.D. La. Jan. 2, 2018) (excluding evidence and argument that insurance rates or premiums might increase if the jury awards money to the plaintiff because such evidence would be "irrelevant and unduly prejudicial"); *Data Treasury Corp. v. Wells Fargo & Co.*, 2010 WL 11538713, at * 12 (E.D. Tex. Feb. 26, 2010) (granting motion to exclude evidence of "government funds as potential sources of payment of any damages" under Rule 403); *Metzger v. American Fid. Assur. Co.*, 2008 WL 7180759, at * 4 (W.D. Okl. Jan. 28, 2008) (precluding expert from arguing or otherwise suggesting that case may impact premiums in the future as "unduly prejudicial"); *City of Springfield v. Thompson Sales Co.*, 71 S.W.3d 597, 600 (Mo. 2002) ("[I]t is highly inflammatory and improper for counsel to refer in argument to the burden a verdict might impose on taxpayers or to suggest that a verdict for plaintiff will cause taxes to go up."); *Miami Beach Texaco v. Price*, 433 So. 2d 1227, 1228 (Fla. 3d DCA 1983) (comments made by defendants that suggested that "insurance premiums would be increased" if the jurors found for the plaintiff, were "so highly prejudicial that no curative instructions from the Court could negate their sinister impact").

## CONCLUSION

For the reasons set forth herein, the Court should preclude Defendants from arguing or otherwise insinuating to the jury that certain of the Plaintiffs or other dairy farmers will ultimately be responsible for paying any judgment entered against Defendants in this matter.

Respectfully Submitted,

PLAINTIFFS,

By their attorneys,

*/s/ Dana A. Zakarian*
William C. Nystrom
Joel G. Beckman
Dana A. Zakarian
Elizabeth A. Reidy
NYSTROM BECKMAN & PARIS LLP
One Marina Park Drive, 15th Fl.
Boston, Massachusetts 02210
(617) 778-9100
jbeckman@nbparis.com
wnystrom@nbparis.com
dzakarian@nbparis.com
ereidy@nbparis.com
Dated: June 17, 2020                    *Admitted Pro Hac Vice*

Gary L. Franklin, Esq.
PRIMMER PIPER EGGLESTON & CRAMER PC
150 South Champlain Street
P.O. Box 1489
Burlington, VT  05402-1489
(802) 864-0880
gfranklin@primmer.com

## CERTIFICATE OF SERVICE

I, Dana A. Zakarian, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 17th day of June 2020.

*/s/ Dana A. Zakarian*