UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| GARRETT SITTS, et al.,<br><br>              PLAINTIFFS,<br><br>      v.<br><br>DAIRY FARMERS OF AMERICA, INC., and DAIRY MARKETING SERVICES, LLC,<br><br>              DEFENDANTS. | Civil Action No. 2:16-cv-00287-cr |

## PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEPOSITION DESIGNATIONS OF MIDLAND FARMS, INC. AND CLOVERLAND FARMS DAIRY

Plaintiffs move *in limine* to preclude Defendants from introducing the deposition testimony of two third-party milk processors—Midland Farms, Inc. (designee, Demetrios Haseotes) and Cloverland Farms Dairy (designee, James Cella). Both depositions were taken in 2011 by Defendants in *Allen v. Dairy Farmers of America*, Case No. 5:09-CV-230 (D. Vt. 2009) ("*Allen*"). Defendants presumably seek to introduce these depositions to support their argument that these two processing plants purchased milk from independent farmers and, therefore, Plaintiffs had "many options" for selling their milk.

As described below, this testimony constitutes inadmissible hearsay and does not qualify for the "former testimony" exception to hearsay. *See* Fed. R. Evid. 804(b)(1). Specifically, Plaintiffs did not attend and never had an opportunity to cross examine, or designate Federal Rule of Civil Procedure 30(b)(6) topics of their own. Moreover, Class Counsel are not Plaintiffs' "predecessor in interest"—and regardless, did not have a similar motive to develop this testimony because the Class did not have to deal with individualized defenses or many of the arguments that Defendants have asserted in this case. Additionally, Class Counsel never

completed their cross-examination in this Midland Farms deposition. Instead, the Midland Farms deposition was suspended and (to Plaintiffs' knowledge) never completed. Because Plaintiffs and Class counsel did not have a similar motive to cross-examine these witnesses, they are inadmissible hearsay. *See* Fed. R. Evid. 801, 802.

Additionally, because Plaintiffs never had an opportunity to cross-examine these corporate designees, allowing the depositions at trial would unfairly prejudice the Plaintiffs. *See* Fed. R. Evid. 403.

## ARGUMENT

### A. The "Former Testimony" Exception Does Not Apply.

The "former testimony" exception to hearsay *only* applies where the party against whom the testimony is offered had "an opportunity and similar motive" to cross-examine them at their depositions as they would have in this case. *See* Fed. R. Evid. 804(b)(1)(B). The "similar motive" analysis is an inherently factual inquiry based on "the similarity of the underlying issues and on the context of the . . . questioning." *United States v. Salerno*, 505 U.S. 317, 326 (1992) (Blackmun, J., concurring); *United States v. DiNapoli*, 8 F.3d 909, 912 (2d Cir. 1993) (where a "fact is critical" at a later proceeding but only "peripherally related" to a prior proceeding, "no one would claim that the questioner had a similar motive at both proceedings to show that the fact had been established (or disproved)"); *see also Zola v. Gordon*, 1993 WL 247821, at * 2 (S.D.N.Y. June 30, 1993) ("Similar motive exists where there is 'substantial similarity of issues and purpose for which testimony is offered is clear.'") (citation omitted). At its core, "the question resolves itself into whether *fairness* allows imposing, upon the party against whom now offered, the handling of the witness of the earlier occasion." *See* Fed. R. Evid. 804, advisory committee note (emphasis added).

Here, it would be unfair to Plaintiffs to allow Defendants to use these third-party video depositions at trial because Plaintiffs did ***not*** have an opportunity to attend the depositions, cross-examine, or even identify their own Rule 30(b)(6) topics. Class Counsel in *Allen*, moreover, did not have a similar motive to ask the questions that Plaintiffs would have asked had they been present. Indeed, the *Allen* case did not have to defend against "individualized defenses" or the similar arguments that have been raised in this case—*e.g.*, that farmers have "many options" for selling their milk.[1]

With respect to the Midland Farms deposition, Class Counsel did not even complete this deposition. Instead, the last thirty pages of the transcript consist of lawyers bickering with each other over an instruction to the witness not to answer certain questions posed by Class Counsel. The fact that the deposition was never completed strongly suggests that it was not a high priority for Class Counsel—potentially because the issues were peripheral to their case. Here, however, Defendants have touted that their "individualized defenses" will be front and center at trial (so much, that it would deprive them of due process to have the claims of all 116 plaintiffs presented in one trial).

In short, because Plaintiffs and Class Counsel did ***not*** have similar motives with respect to these depositions, it would be unfair to Plaintiffs to allow them to be used at trial. If Defendants wanted testimony from these processors, then they should have deposed them in this case. Indeed, Defendants only took seven of the twelve depositions at their disposal.

---

[1] Had Plaintiffs been able to attend and cross-examine at these depositions, they would have probed whether these processing plants were *actual* options for independent farmers.

**B. Allowing the Depositions Would Unfairly Prejudice Plaintiffs**

For these same reasons, the depositions should be excluded under Rule 403. Indeed, any possible relevance of this testimony is far outweighed by the fact that Plaintiffs never had an opportunity to cross-examine.

## CONCLUSION

For the reasons set forth herein, the Court should exclude the deposition testimony of Midland Farms and Cloverland Farms.

> Respectfully Submitted,
>
> PLAINTIFFS,
>
> By their attorneys,
>
> */s/ Dana A. Zakarian*
> William C. Nystrom
> Joel G. Beckman
> Dana A. Zakarian
> Elizabeth A. Reidy
> NYSTROM BECKMAN & PARIS LLP
> One Marina Park Drive, 15th Fl.
> Boston, Massachusetts 02210
> (617) 778-9100
> jbeckman@nbparis.com
> wnystrom@nbparis.com
> dzakarian@nbparis.com
> ereidy@nbparis.com
> *Admitted Pro Hac Vice*

Dated: June 17, 2020

> Gary L. Franklin, Esq.
> PRIMMER PIPER EGGLESTON & CRAMER PC
> 150 South Champlain Street
> P.O. Box 1489
> Burlington, VT  05402-1489
> (802) 864-0880
> gfranklin@primmer.com

## CERTIFICATE OF SERVICE

I, Dana A. Zakarian, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing

(NEF) and paper copies will be sent to those indicated as non-registered participants on this 17th day of June 2020.

                                                                                         */s/ Dana A. Zakarian*