UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| **GARRET SITTS, et al.,**<br><br>   **Plaintiffs,**<br><br>v.<br><br>**DAIRY FARMERS OF AMERICA, INC. and DAIRY MARKETING SERVICES, LLC,**<br><br>   **Defendants.** | **Civil Action No. 2:16-cv-00287-cr** |

**DEFENDANTS DAIRY FARMERS OF AMERICA, INC. AND
DAIRY MARKETING SERVICES, LLC'S MOTION *IN LIMINE* NO. 10:
TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT THE *ALLEN* ACTION AND
PLAINTIFFS OTHER THAN THE FIRST 20 DESIGNATED PLAINTIFFS
<u>AND MEMORANDUM OF LAW IN SUPPORT</u>**

As the Court is aware, the 116 plaintiffs in this case filed their individual claims after opting out of the class action settlement in *Allen v. Dairy Farmers of America, Inc.*, No. 5:09-cv-230 (D. Vt. Sept. 12, 2016) ("*Allen*").  Each of these 116 plaintiffs is pursuing its own individual claim for damages; the group is not proceeding as a class.  On May 1, 2020, this Court granted DFA's motion to sever and ruled that the first trial would be comprised of only 20 of the 116 plaintiffs (the "Designated Plaintiffs").  Pursuant to Federal Rules of Evidence 402 and 403, defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC (collectively, "DFA") move this Court to exclude any argument or evidence regarding the Designated Plaintiffs' connection to the *Allen* case, or to the remaining 96 plaintiffs.

## ARGUMENT

"Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence."  Fed. R. Evid. 401(a).  At the same time, "irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Alternatively, even if there were any probative value to evidence regarding other plaintiffs, the Court should exclude such testimony because "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury."  Fed. R. Evid. 403.

Here, there is no reason for the jury to know that the Designated Plaintiffs opted out of the *Allen* case (or, indeed, that the *Allen* case existed, involved a class, or settled) or that there are 96 other plaintiffs.  Those facts are irrelevant to the specific issues that the jury is being asked to decide about the Designated Plaintiffs, *i.e.,* whether DFA's conduct supposedly suppressed the pay prices that the *Designated Plaintiffs* received in their milk checks.  Evidence relating to *Allen* and to the other plaintiffs would serve no purpose other than to confuse and/or unfairly prejudice the jury into falsely concluding that there must be merit in the Designated Plaintiffs' claims

because other plaintiffs have sued DFA on similar theories—even though no other plaintiff has actually proven its claims.

Courts routinely exclude evidence of other lawsuits or other litigants under Rule 402, Rule 403, or both.  For example, in *Puglisi v. Town of Hempstead Sanitary District No. 2*, the court excluded evidence about the existence of other lawsuits after noting that "[c]ourts generally exclude evidence of other lawsuits, even if the other lawsuits are related to the case before the court . . . . because the probative value of the existence of other lawsuits typically is substantially outweighed by the danger of unfair prejudice."  No. 11-CV-445 (PKC), 2014 WL 12843521, at *2 (E.D.N.Y. Jan. 27, 2014).  And in *Jamarillo v. Hickson*, the court excluded evidence of claims against the defendant by other litigants because it was "irrelevant to the determination of [p]laintiffs' own claims."  No. 09–634 JCH/WDS, 2012 WL 13005397, at *3 (D.N.M. Oct. 31, 2012).  To the same effect is *In re Yazmin and Yaz (Drosprirenone) Marketing, Sales Practices and PMF Products Liability Litigation*, No. 3:10-cv-10223, 2011 WL 6740391, at *3 (S.D. Ill. Dec. 22, 2011) (excluding evidence regarding the existence of other lawsuits).  *See also W.W. McDonald Land Co. v. EQT Prod. Co.*, No. 2:11-CV-00418, 2014 WL 4063870, at *2 (S.D. W. Va. Aug. 14, 2014) (excluding evidence or argument regarding a prior class action when the current plaintiffs opted-out of that class action).  This Court should do the same here.

## CONCLUSION

For the foregoing reasons, DFA respectfully requests that the Court exclude any argument or evidence regarding the Designated Plaintiffs' connection to the *Allen* case, or to the remaining 96 plaintiffs.

Dated:  June 17, 2020

Respectfully submitted by:

/s/ Alfred C. Pfeiffer Jr.
Alfred C. Pfeiffer Jr. (admitted *pro hac vice*)
Sarah M. Ray (*pro hac vice* pending)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095
Email: al.pfeiffer@lw.com
Email: sarah.ray@lw.com

Margaret M. Zwisler (admitted *pro hac vice*)
Jennifer L. Giordano (admitted *pro hac vice*)
Molly M. Barron (*pro hac vice* pending)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: 202-637-2200
Facsimile: 202-637-2201
Email: margaret.zwisler@lw.com
Email: jennifer.giordano@lw.com
Email: molly.barron@lw.com

W. Todd Miller (admitted *pro hac vice*)
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: 202-663-7820
Facsimile: 202-663-7849
Email: tmiller@bakerandmiller.com

Ian P. Carleton
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, P.O. Box 66
Burlington, VT 05402
Telephone: 802-864-9891
Email: icarleton@sheeheyvt.com

*Counsel for Defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC*

**LOCAL RULE 7(A)(7) CERTIFICATION OF COUNSEL**

The undersigned counsel for DFA certifies that DFA made a good faith attempt to obtain plaintiffs' agreement to the requested relief in this motion, but was not able to do so.

Dated:  June 17, 2020	/s/ Alfred C. Pfeiffer Jr.
	Alfred C. Pfeiffer Jr. (admitted *pro hac vice*)
	LATHAM & WATKINS LLP
	505 Montgomery Street, Suite 2000
	San Francisco, CA 94111
	Telephone: 415-391-0600
	Facsimile: 415-395-8095
	Email: al.pfeiffer@lw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 17, 2020, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system and served the below parties via email. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the NEF parties:

    Joel G. Beckman, Esq. (jbeckman@nbparis.com)
    Gary L. Franklin, Esq. (gfranklin@primmer.com)
    William C. Nystrom, Esq. (wnystrom@nbparis.com)
    Elizabeth A. Reidy, Esq. (ereidy@nbparis.com)
    Dana A. Zakarian, Esq. (dzakarian@nbparis.com)

Dated:  June 17, 2020

        /s/ Alfred C. Pfeiffer Jr.
        Alfred C. Pfeiffer Jr. (admitted *pro hac vice*)
        LATHAM & WATKINS LLP
        505 Montgomery Street, Suite 2000
        San Francisco, CA 94111
        Telephone: 415-391-0600
        Facsimile: 415-395-8095
        Email: al.pfeiffer@lw.com