# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| GARRET SITTS, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>DAIRY FARMERS OF AMERICA, INC. and DAIRY MARKETING SERVICES, LLC,<br><br>　　　　Defendants. | Civil Action No. 2:16-cv-00287-cr |

**DEFENDANTS DAIRY FARMERS OF AMERICA, INC. AND DAIRY MARKETING SERVICES, LLC'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 7: TO PRECLUDE PLAINTIFFS FROM INTRODUCING EVIDENCE AND MAKING ARGUMENTS CONCERNING THE COMPENSATION OF THE EMPLOYEES OF <u>DAIRY FARMERS OF AMERICA, INC. AND DAIRY MARKETING SERVICES, LLC</u>**

In their motion *in limine*, Defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC (collectively, "DFA") request that the Court preclude plaintiffs and their witnesses from introducing the compensation and related financial information, including W-2 information and retirement contributions, of ten of DFA's executives,[1] as such information is irrelevant and its admission into evidence would be unfairly prejudicial.

In their Opposition, plaintiffs first argue that compensation evidence "can explain the motivation behind a conspiracy to suppress raw milk prices."[2]  Pls.' Opp'n to Mot. *in Limine* No. 7 at 3, ECF No. 227 ("Opp'n").  However, plaintiffs have no basis to suggest that the compensation of DFA's employees was tied to the alleged conspiracy.  This is because there is no direct connection—and certainly no evidence—between the executives' compensation and the alleged conspiracy's center of profitability; as such, evidence of compensation is irrelevant.

Next, plaintiffs claim that evidence of compensation is not unfairly prejudicial and will not be used to "inflame" the jury.  However, plaintiffs show their true hand in their Opposition, which itself seeks to inflame the Court with comparisons of CEO Rick Smith's compensation to the income of DFA's farmer-members and their reference to DFA employees' salary as a "payoff."

## ARGUMENT

In their Opposition, plaintiffs argue that "courts routinely recognize the relevancy of [compensation] information, stating 'evidence of the amount of compensation' received by defendants 'is relevant to show [their motive]' to engage in such anticompetitive conduct."  Opp'n

---

[1]  These ten executives were the subject of the Court's discovery order of May 18, 2018. Hr'g Tr. 3:3-6; 33:1-10, May 18, 2018, ECF No. 71; *see also* DFA's Mot. *in Limine* No. 7 at 1-2, ECF No. 211 ("MIL No. 7").

[2]  Plaintiffs also argue that evidence of DFA executive compensation is necessary to refute DFA's Capper-Volstead Act defense.  Opp'n at 3.  DFA addresses this argument in its Motion *in Limine* No. 9, ECF No. 234, and incorporates those arguments by reference.

at 5 (quoting *United States v. Hawley*, 562 F. Supp. 2d 1017, 1034 (N.D. Iowa 2008)). However, this is only half the story. The fact is that courts recognize the relevance of compensation information where that compensation is directly tied to the success of the alleged conspiracy, and the cases cited by plaintiffs support this position. *See* Opp'n at 5 (relying on *Ferguson*, *Goldstone*, and *Peake*, among others).

For example, in *United States v. Ferguson*, the court permitted the government to present evidence of defendant's deferred compensation plan because the plan was directly tied to the success of the scheme and was, therefore, relevant to proving motive. No. 3:06CR137 (CFD), 2007 U.S. Dist. LEXIS 87842, at *3-7 (D. Conn. Nov. 30, 2007); *see also S.E.C. v. Goldstone*, No. CIV 12-0257 JB/GBW, 2016 U.S. Dist. LEXIS 92512, at *59 (D.N.M. June 13, 2016) (recognizing *Ferguson* decision). However, the *Ferguson* court further held that defendant's salary and bonuses were irrelevant – and, therefore, inadmissible – because the salary and bonuses "are not probative of any financial incentive [defendant] may have had to participate." 2007 U.S. Dist. LEXIS 87842, at *5-6. Similarly, in *United States v. Peake*, another case relied upon by plaintiffs, the government was permitted to present evidence of the defendant's salary and compensation only because such salary and compensation were directly tied to the profitability of the scheme. *See* 143 F. Supp. 3d 1, 18 (D.P.R. 2013).[3]

Unlike the majority of the cases relied upon by plaintiffs, however, there is absolutely no

---

[3] Plaintiffs also cited to the court's decision in *In re Southeastern Milk Antitrust Litig.*, 2011 WL 13122688, at *3 (E.D. Tenn. July 15, 2011) regarding DFA's former CEO Gary Hanman's compensation. Opp'n at 5. However, Mr. Hanman's compensation is not the subject of the present motion *in limine*; DFA filed a separate motion addressing the reasons that evidence is inadmissible. *See* DFA's Mot. *in Limine* No. 4, ECF No. 204. Rather, this motion seeks only to exclude the compensation amounts for each of the ten executives that were the subject of the Court's discovery order of May 18, 2018. Hr'g Tr. 3:3-6; 33:1-10, May 18, 2018, ECF No. 71; *see also* MIL No. 7 at 1-2.

evidence in this case that any compensation (e.g., salaries, bonuses, etc.) is tied to suppressing farmers' pay prices in the Northeast. Plaintiffs provide no evidence of a direct link between compensation and the alleged conspiracy, beyond a vague allegation that "compensation *has been* tied to the performance of DFA's commercial operations (which benefit from lower milk prices)," <u>without</u> any record cites. Opp'n at 3. Because plaintiffs cannot link the compensation of DFA's employees to the alleged conspiracy, such information is irrelevant and, therefore, inadmissible.

Even assuming, *arguendo*, that executive compensation information is relevant, such information should still be excluded because its marginal value would be substantially outweighed by the danger of unfair prejudice to DFA.[4] *See* Fed. R. Evid. 403. While plaintiffs deny that they will "offer[] evidence of executive compensation to 'inflame' the jury or otherwise appeal to the jury's potential prejudices," Opp'n at 6, the opposite is true. Indeed, even in their Opposition, plaintiffs cannot help but draw unfair, apples-to-oranges comparisons between the compensation of DFA's Chief Executive Officer Rick Smith and farmer income.[5] *See* Opp'n at 2-3. Plaintiffs even go so far as to characterize these DFA employees' earned compensation as a "payoff." *Id*. at 6 n.5. The use of such evidence to inflame and bias the jury against DFA is plainly improper. *See, e.g.*, *United States v. Al-Moayad*, 545 F.3d 139, 161 (2d. Cir. 2008) (admission of "inflammatory" testimony "almost entirely unrelated" to government's case amounted to "blatant appeal to jury's

---

[4]   Indeed, even the cases cited by plaintiffs acknowledge the risks associated with permitting compensation evidence. *See, e.g.*, *United States v. Hawley*, 562 F. Supp. 2d 1017, 1034 (N.D. Iowa 2008) ("[E]vidence of a defendant's financial condition and income may be relevant to the defendant's motive for a fraudulent scheme, but ***it also has some potential for unfair prejudice***.") (emphasis added) (citation omitted); *see also United States v. Quattrone*, 441 F.3d 153, 187 (2d Cir. 2006) (noting that "***evidence of compensation, wealth, or lack thereof can unduly prejudice jury deliberations***," before finding that plaintiffs' safeguards were sufficient) (emphasis added).

[5]   As noted in DFA's MIL No. 7, farmers' income can vary widely, based on a number of favors, such as the size of their operation, efficiency of their business, and quality of the milk they produce. The salary of an executive at a cooperative is simply not comparable.

3

emotions and prejudices" and was improper); *see also United States v. Stahl*, 616 F.2d 30, 32-33 (2d Cr. 1980) (holding that appeals to "class prejudice . . . are improper and have no place in a court room"); *Aristocrat Leisure Ltd. v. Deustche Bank Tr. Co. Ams.*, No. 04 Civ. 10014, 2009 U.S. Dist. LEXIS 89183, at *18 (S.D.N.Y. Sep. 28, 2009) (holding that "any limited value" of the amount of defendants' compensation "is outweighed by its potential to bias the jury under Rule 403").

## CONCLUSION

For the foregoing reasons, DFA respectfully requests that the Court grant its motion *in limine* to preclude plaintiffs and their witnesses from introducing or otherwise referencing the aforementioned evidence. DFA also respectfully requests that the Court schedule an evidentiary hearing on this motion.

Dated: June 23, 2020  Respectfully submitted,

 /s/ *Alfred C. Pfeiffer Jr.*
Alfred C. Pfeiffer Jr. (admitted *pro hac vice*)
Sarah M. Ray (admitted *pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095
Email: al.pfeiffer@lw.com
Email: sarah.ray@lw.com

Margaret M. Zwisler (admitted *pro hac vice*)
Jennifer L. Giordano (admitted *pro hac vice*)
Molly M. Barron (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: 202-637-2200
Facsimile: 202-637-2201
Email: margaret.zwisler@lw.com
Email: jennifer.giordano@lw.com
Email: molly.barron@lw.com

W.  Todd Miller (admitted *pro hac vice*)
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: 202-663-7820
Facsimile: 202-663-7849
Email: tmiller@bakerandmiller.com

Ian P. Carleton
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, P.O. Box 66
Burlington, VT 05402
Telephone: 802-864-9891
Email: icarleton@sheeheyvt.com

*Counsel for Defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on June 23, 2020, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system and the below parties via email. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

    Joel G. Beckman, Esq. (jbeckman@nbparis.com)
    Gary L. Franklin, Esq. (gfranklin@primmer.com)
    William C. Nystrom, Esq. (wnystrom@nbparis.com)
    Elizabeth A. Reidy, Esq. (ereidy@nbparis.com)
    Dana A. Zakarian, Esq. (dzakarian@nbparis.com)

Dated: June 23, 2020

                                                         /s/ *Alfred C. Pfeiffer Jr.*
                                                         Alfred C. Pfeiffer Jr. (admitted *pro hac vice*)
                                                          LATHAM & WATKINS LLP
                                                          505 Montgomery Street, Suite 2000
                                                          San Francisco, CA 94111
                                                          Telephone: 415-391-0600
                                                          Facsimile: 415-395-8095
                                                          Email: al.pfeiffer@lw.com