**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| **GARRET SITTS, et al.,**<br><br>                    **PLAINTIFFS,**<br><br>     v.<br><br>**DAIRY FARMERS OF AMERICA, INC., and DAIRY MARKETING SERVICES, LLC,**<br><br>                    **DEFENDANTS.** | **Civil Action No. 2:16-cv-00287-cr** |

# EXHIBIT 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| GARRET SITTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAIRY FARMERS OF AMERICA, INC. and DAIRY MARKETING SERVICES, LLC,<br><br>Defendants. | Civil Action No. 2:16-cv-00287-cr |

**DEFENDANTS DAIRY FARMERS OF AMERICA, INC. AND
DAIRY MARKETING SERVICES, LLC'S
PROPOSED VERDICT FORM FOR THE PLAINTIFFS IDENTIFIED AS
"RANDY & LYNETTE INMAN, MARBIL FARMS"[1]**

Plaintiffs seek a finding of liability and damages relating to the Defendants Dairy Farmers of America, Inc. ("DFA") and Dairy Marketing Services, LLC ("DMS") (collectively, "DFA"). Because of the structure of the two entities, DFA and DMS are considered a single entity for purposes of deciding plaintiffs' claims. As a result, your answers to the questions below pertain to DFA and DMS, collectively.

---

[1] *See* Plaintiffs' List Of Twenty Plaintiffs For Trial To Begin On July 1, 2020, May 21, 2020, ECF No. 207 ("Plaintiffs' List Of Twenty Plaintiffs For Trial"). DFA does not concede that any plaintiff has been properly identified on ECF No. 207 and reserves its right to seek relief as to any improperly identified plaintiff.

**Conspiracy To Restrain Trade Pursuant To 15 U.S.C. § 1**

1. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that a single, "multifaceted" conspiracy between DFA, at least 5 cooperatives (including St. Albans, Land O'Lakes and Agri-Mark) and at least 16 processors (including Dean, HP Hood, Farmland and Kraft) existed to lower raw milk premiums below what they otherwise would have been in order to eliminate competition between buyers of Grade A raw milk?

    Yes:_____   No:_____

2. If you answered "Yes" to Question 1, do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that DFA knowingly participated in the above conspiracy to lower raw milk premiums below what they otherwise would have been in order to eliminate competition between buyers of Grade A raw milk?

    Yes:_____   No:_____

    [*If you answered "No" to either Question 1 or 2, please proceed directly to Question 9.  If you answered "Yes" to both Question 1 and Question 2, you must proceed to Question 3.*]

3. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that "Grade A non-organic raw milk" is a proper relevant product market in which to assess their conspiracy claim?

    Yes:_____   No:_____

    [*If you answered "No" to this Question 3, please proceed directly to Question 9. If you answered "Yes" to this Question 3, you must proceed to Question 4.*]

4. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that the Northeastern area defined by the plants

pooling on Federal Milk Marketing Order 1 is a proper relevant geographic market in which to assess their conspiracy claim?

Yes:_____   No:_____

[*If you answered "No" to this Question 4, please proceed directly to Question 9. If you answered "Yes" to this Question 4, you must proceed to Question 5.*]

5. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that any conspiracy between DFA and at least 5 cooperatives and at least 16 processors had a substantial adverse effect on competition, in that it lowered raw milk premiums below what they would have been absent the conspiracy, decreased output of raw milk, lowered the quality of raw milk, or reduced competition among purchasers of raw milk in a relevant geographic and product market between October 8, 2005 and 2017?

   Yes:_____   No:_____

   [*If you answered "No" to this Question 5, please proceed directly to Question 9. If you answered "Yes" to Question 5, you must proceed to Question 6.*]

6. Do you find that DFA proved by a preponderance of the evidence that any alleged agreement between it and the processors and cooperatives in the case benefitted competition, in the form of increasing overall milk prices for farmers, reducing the costs to assemble, haul or balance raw milk, maximizing the overall amount of raw milk produced by dairy farmers that is placed in processing plants or minimizing the risk that the milk will be "dumped" during times of oversupply, or in other ways proven by DFA?

   Yes:_____   No:_____

   [*If you answered "No" to Question 6, please proceed directly to Question 8. If you answered "Yes" to Question 6, you must proceed to Question 7.*]

3

7. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that the competitive benefits of DFA's alleged conduct were substantially outweighed by the competitive harm?

   Yes:_____   No:_____

   [*If you answered "No" to Question 7, please proceed directly to Question 9.  If you answered "Yes" to Question 7, you must proceed to Question 8.*]

8. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that, between October 8, 2005 and 2017, they were injured by a conspiracy between DFA and at least 5 cooperatives and at least 16 processors, in that the conspiracy caused them specifically to receive lower milk premiums than they would have received during that time period absent a conspiracy?

   Yes:_____   No:_____

**Monopsonization Pursuant To 15 U.S.C. § 2**

9. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that "Grade A non-organic raw milk" is a proper relevant product market in which to assess their monopsony claim?

   Yes:_____   No:_____

10. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that the Northeastern area defined by the plants pooling on Federal Milk Marketing Order 1 is a proper relevant geographic market in which to assess their monopsony claim?

    Yes:_____   No:_____

    [*If you answered "No" to either Question 9 or 10, but "Yes" to Question 8, please proceed directly to Question 23.  If you answered "No" to Question 9 (or did not reach that Question), and answered "No" to Question 10 and Question 11, please*

4

*sign and return the verdict form at this point. If you answered "Yes" to both Question 9 and Question 10, you must proceed to Question 11.*]

11. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that DFA has monopsony power in a relevant product and geographic market?

    Yes:_____   No:_____

    [*If you answered "No" to Question 11, please proceed directly to Question 14. If you answered "Yes" to Question 11, you must proceed to Question 12.*]

12. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that DFA willfully acquired or maintained monopsony power through predatory acts or practices, rather than through lawfully permitted conduct, that had the effect of harming competition for the purchase of raw milk in Order 1 from October 8, 2005 to 2017?

    Yes:_____   No:_____

    [*If you answered "No" to Question 12, please proceed directly to Question 14. If you answered "Yes" to Question 12, you must proceed to Question 13.*]

13. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that, between October 8, 2005 and 2017, they were injured by predatory conduct by DFA that caused them specifically to receive lower milk premiums than they would have received during that time period absent DFA's predatory conduct?

    Yes:_____   No:_____

**Attempted Monopsony Pursuant To 15 U.S.C. § 2**

14. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that DFA engaged in predatory conduct to exclude competition from other buyers of raw milk?

    Yes:_____     No:_____

    [*If you answered "No" to Question 14, please proceed directly to Question 18, subject to the instructions above.  If you answered "Yes" to Question 14, you must proceed to Question 15.*]

15. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that DFA possessed a specific intent to monopsonize a relevant product and geographic market, such that it acted with the conscious aim of acquiring the buying power to control prices and to reduce the amount of its purchases and to exclude or destroy competing buyers of raw milk in Order 1?

    Yes:_____     No:_____

    [*If you answered "No" to Question 15, please proceed directly to Question 18.  If you answered "Yes" to Question 15, you must proceed to Question 16.*]

16. If you find that DFA had the specific intent to achieve a monopsony and engaged in significant predatory conduct, do you also find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that there was a dangerous probability that DFA would succeed in achieving monopsony power in a relevant product and geographic market if it continued to engage in the same or similar conduct?

    Yes:_____     No:_____

    [*If you answered "No" to Question 16, please proceed directly to Question 18.  If you answered "Yes" to Question 16, you must proceed to Question 17.*]

17. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that, between October 8, 2005 and 2017, they were injured by predatory conduct by DFA that caused them specifically to receive lower milk premiums than they would have received during that time period absent DFA's predatory conduct?

    Yes:_____        No:_____

**Conspiracy To Monopsonize Pursuant To 15 U.S.C. § 2**

18. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that a single, "multifaceted" conspiracy between DFA, at least 5 cooperatives (including St. Albans, Land O'Lakes and Agri-Mark) and at least 16 processors (including Dean, HP Hood, Farmland and Kraft) existed for DFA to obtain or maintain monopsony power in the raw milk market in Order 1?

    Yes:_____        No:_____

19. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that DFA knowingly entered into and/or participated in the above conspiracy?

    Yes:_____        No:_____

    [*If you answered "No" to either Question 18 or 19, but "Yes" to Question 8, 13, or 17, please proceed directly to Question 23, subject to the instructions above. If you answered "Yes" to both Question 18 and Question 19, you must proceed to Question 20.*]

20. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that DFA specifically intended to acquire or maintain monopsony power in the proper market, such that it entered into the conspiracy with the conscious aim of using predatory conduct to acquire or

7

maintain the power to control premiums and exclude competition in the relevant market?

Yes:_____   No:_____

[*If you answered "No" to Question 20, please proceed directly to Question 23, subject to the instructions above. If you answered "Yes" to Question 20, you must proceed to Question 21.*]

21. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that DFA committed an overt act in furtherance of the conspiracy between October 8, 2005 and 2017?

    Yes:_____   No:_____

    [*If you answered "No" to Question 21, please proceed directly to Question 23, subject to the instructions above. If you answered "Yes" to Question 21, you must proceed to Question 22.*]

22. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proven by a preponderance of the evidence that, between October 8, 2005 and 2017, they were injured by a conspiracy to monopsonize that caused them specifically to receive lower milk premiums than they would have received during that time period absent the conspiracy?

    Yes:_____   No:_____

    [*If you answered "Yes" to any of the following Questions: 8, 13, 17 or 22, you may proceed to Question 23. If you have either not reached those Questions, or answered "No" to all of the following Questions: 8, 13, 17, and 22, please sign and return the verdict form at this point.*]

**Damages**

23. If you have found that plaintiffs "Randy & Lynette Inman, Marbil Farms" have proved their claim for an unlawful conspiracy, unlawful monopsony, attempted monopsony or conspiracy to monopsonize, do you find that they have provided a reasonable, reliable and non-speculative basis for determining damages sustained by these violations?

    Yes:_____    No:_____

    [*If you answered "Yes" to Question 23, you may proceed to Question 24.  If you answered "No" Question 23, please sign and return the verdict form at this point.*]

24. Do you find that plaintiffs "Randy & Lynette Inman, Marbil Farms" have carried their burden to apportion damages between lawful and unlawful causes?

    Yes:_____    No:_____

    [*If you answered "Yes" to Question 24, you may proceed to Question 25.  If you answered "No" Question 24, please sign and return the verdict form at this point.*]

25. State the amount of damages proved by plaintiffs "Randy & Lynette Inman, Marbil Farms": _____

9