UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| GARRET SITTS, *et al.*, | : | |
|     Plaintiffs | : | |
| | : | |
| vs. | : | Civil Action No. 2:16-cv-287 |
| | : | |
| DAIRY FARMERS OF AMERICA, | : | |
|   INC., *et al.*, | : | |
|     Defendants | : | |

**MOTION FOR LEAVE TO FILE BRIEF OF THE *AMICI CURIAE*,
NATIONAL COUNCIL OF FARMER COOPERATIVES,
NATIONAL COOPERATIVE BUSINESS ASSOCIATION, AND CoBANK, ACB, IN RESPONSE TO THE STATEMENT OF INTEREST FILED ON BEHALF OF
THE UNITED STATES OF AMERICA**

The National Council of Farmer Cooperatives ("NCFC"), National Cooperative Business Association Cooperative League of the United States of America ("NCBA"), and CoBank, ACB ("CoBank") (collectively, "*Amici*"),[1] respectfully move this Court, pursuant to the Court's inherent authority, for leave to file a brief as *amici curiae* responding to the Statement of Interest[2] filed on behalf of the United States of America on July 27, 2020 (ECF No. 285). The proposed brief is attached as **Exhibit A** to this Motion.

---

[1] Dairy Farmers of America ("DFA") is an NCFC member, but has not made any direct monetary contribution to fund the preparation or submission of the *amicus* brief. DFA is also a CoBank borrower and cooperative owner. DFA has no affiliation with NCBA. A list of NCFC member-cooperatives is at http://ncfc.org/about-ncfc/ and a list of NCBA's membership is at https://ncbaclusa.coop/ncba-clusa-membership/.

[2] *Amici* recognize that *amicus* briefs are less commonly filed in district court cases when compared to cases on appeal. *Amici* had not intended to seek leave to weigh in on this issue, which was previously raised in a publicly filed motion *in limine* (*see* ECF 234). However, *Amici* were prompted to file this Motion by the statement of another non-party, the United States, which seems to suggest a construction of a federal statute that could have significant implications for *Amici's* members and owners, as well as the agricultural sector as a whole.

*Amici* sought consent to the filing of a brief from counsel for all parties in this matter. Plaintiffs' counsel did not consent and Plaintiffs' counsel's response to that request is attached hereto as **Exhibit B** at Plaintiffs' counsel's request. Defendants' counsel consented to *Amici's* filing of a brief.

With regard to Plaintiffs' counsel's email, *Amici* note that their relationships with DFA, if any, are disclosed in the attached *amicus* brief and in Footnote 1, *supra*. DFA is not a member of NCBA. DFA is one of more than 80 NCFC members, and most of those members are in agricultural industries other than dairy. DFA is a CoBank borrower and one of many CoBank cooperative owners but, contrary to Plaintiffs' counsel's assertion, no CoBank director serves on DFA's board of directors.

Moreover, *Amici* take no position on the underlying facts or other antitrust issues in the case. *Amici* do not address the merits of Plaintiffs' claims or the application of the Capper-Volstead Act ("CVA") with respect to those claims. Instead, *Amici* provide perspective and insight only on the construction of the "mutual benefit" requirement contained in the Capper-Volstead Act. Court construction of the CVA impacts agricultural cooperatives not only with respect to antitrust liability, but also with respect to other federal statutes which incorporate the CVA requirements such as federal marketing regulations. (See, e.g., 7 C.F.R. § 900.350--357.) *Amici* provide this perspective because the DOJ's implied construction could have far-reaching consequences and impact cooperatives, including cooperatives that are members or owners of *Amici*, which are not parties to this suit.

Additionally, Marvin Beshore, counsel for *Amici*, currently is counsel to several marketing agencies of which DFA is a member. While he has represented DFA jointly with other cooperatives in past matters, Mr. Beshore is not currently engaged to represent DFA on any matters.

I.      BACKGROUND OF NCFC, NCBA, AND COBANK, ACB

Founded in 1929, NCFC is the only nationwide trade association representing America's farmer cooperatives. NCFC's nationwide membership includes approximately 200 local and regional marketing, supply, bargaining, and farm credit bank cooperatives, as well as state councils of cooperatives. NCFC members represent nearly 2,000 local farmer cooperatives across the country, whose own members include a majority of the nation's more than two million farmers, ranchers, and growers. NCFC's members handle almost every type of agricultural commodity produced in the United States and provide jobs for more than 250,000 Americans, many in rural areas.

NCFC serves as the primary voice of the agricultural cooperative industry in this country, including participating in litigation as *amicus curiae*[3] and briefing lawmakers regarding how, in practice, the CVA, 7 U.S.C. §§291–92, and other statutory cooperative exemptions are vital to farmer cooperatives and their members. NCFC also provides information to courts, lawmakers, and executive departments and agencies on the effects of interpretation or application of the Act and other laws relating to farmers or agricultural cooperatives on the vitality of U.S. agriculture, farmers, and farmer cooperatives (and their employees).

---

[3] In the last ten years, NCFC has submitted *amicus* briefs in multiple cases related to the Capper-Volstead Act, including *In re Mushroom Direct Purchaser Antitrust Litigation*, Case No.: 09-2257 (3rd Cir.); *In re Processed Egg Products Antitrust Litigation* – Direct Purchaser Class, Case Nos.: 19-1088 and 19-1188 (3rd Cir.); and *In re Processed Egg Products Antitrust Litigation* – Direct Action, Case Nos.: 20-1045 and 20-1127 (3rd Cir.), and has also submitted *amicus* briefs in many cases otherwise affecting or relating to the interests of farmer cooperatives.

NCBA was founded in 1916[4] to develop, advance and protect cooperative enterprise for the betterment of the lives of Americans through cooperatives.  NCBA members include national associations as well as individual cooperatives that in turn count over 100 million Americans as cooperative members.  NCBA members include cooperatives from various industries including agricultural, financial, housing, and rural electric, among others.  NCBA's membership includes cooperatives that rely on the CVA, consistent with the intent of Congress, to provide antitrust protection to farmer cooperatives.

NCBA engages with officials from all branches and levels of government to ensure they understand the purpose of cooperatives, the numerous benefits of cooperatives to many millions of Americans, and the impact of proposed policies and decisions on those cooperative members and the ability of cooperatives to assist and improve the lives of their members.

CoBank, ACB, is one of the largest private providers of credit to the rural economy, delivering loans, leases and other financial services to agribusiness and rural infrastructure in all 50 states. As a cooperative member of the Farm Credit System, CoBank is a successor entity to the National Bank for Cooperatives.  Pursuant to its authorities under the Farm Credit Act of 1971, CoBank lends to, among other entities, agricultural and rural infrastructure cooperatives. CoBank's customer-owners include a number of agricultural marketing cooperatives that rely on the CVA to provide them with antitrust protections.

---

[4] NCBA was founded as "The Cooperative League of the United States of America" which remains its legal name.

## II.   *AMICI'S* BRIEF WOULD PROVIDE A UNIQUE PERSPECTIVE ON THE POTENTIAL IMPACT OF THE COURT'S FUTURE RULINGS REGARDING THE "MUTUAL BENEFIT" PROVISION OF THE CAPPER-VOLSTEAD ACT ON NON-PARTY AGRICULTURAL COOPERATIVES

District courts have the inherent authority to permit the filing of *amicus* briefs. *See Given v. Rosette*, No. 15-cv-101-jgm, 2015 U.S. Dist. LEXIS 118689, at *5 (D. Vt. Sep. 4, 2015). In a motion to be permitted to file such a brief, the movant should explain "(1) the movant's interest and (2) the reason why an amicus memorandum is desirable and why matters asserted are relevant to the disposition of the case." *Entergy Nuclear Vt. Yankee, LLC v. Shumlin*, No. 1:11-cv-99-jgm, 2011 U.S. Dist. LEXIS 59662, at *15-16 (D. Vt. June 2, 2011) (citing Fed. R. App. P. 29(a)). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide*.*" *C&A Carbone, Inc. v. Cnty. of Rockland*, No. 08-cv-6459-ER, 2014 U.S. Dist. LEXIS 38658, at *13 (S.D.N.Y. Mar. 24, 2014).

The Court's construction of the "mutual benefit" requirement of the CVA in this case, and, in particular, the construction that the U.S. Department of Justice seems to suggest in its submission, could have far-reaching implications for non-party farmer cooperatives in all commodities, as well as in the dairy industry. Cooperative members of *amici* and their farmer-owners have frequently been involved in litigation in which the CVA was raised, and thus have a keen interest in ensuring that farmers' rights to collectively market under the antitrust laws are applied in a manner that appropriately reflects the realities of their day-to-day business and allows their ability to act collectively. *Amici* have a special interest in ensuring that the immunities of the CVA are not construed or applied in ways that could have devastating consequences for the U.S. agricultural sector.

*Amici's* members include cooperatives of farmers producing a broad array of agricultural commodities including citrus fruits, feed grains, peanuts, olives, and milk among many other fruits of the earth.  These cooperatives have significant expertise in both the legal and practical realities that affect farmers of all sizes and their cooperatives in this 21st century.  *Amici*, therefore, have a unique perspective not represented by the parties in this action and can assist this Court by providing insight into the historical context of the CVA and the implications of the Department of Justice's implied construction of the CVA for agricultural cooperatives not parties to this action.

Based on the foregoing, Amici respectfully request leave to file the attached brief as *amici curiae*.

Respectfully submitted,

   /s/   Marvin Beshore
Marvin Beshore
*JOHNSON, DUFFIE, STEWART & WEIDNER*
301 Market Street ~ P.O. Box 109
Lemoyne, PA  17043-0109
Phone: (717) 761-4540
Email: mbeshore@johnsonduffie.com
*Admitted Pro Hac Vice*

Shapleigh Smith, Jr., Esquire
*DINSE, P.C.*
209 Battery Street
Burlington, VT 05401
Phone: (802) 864-5751
Email: ssmith@dinse.com

*Counsel for National Council of Cooperatives; National Cooperative Business Association; and CoBank, ACB*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| GARRET SITTS, *et al.,* | : | |
|     Plaintiffs | : | |
| | : | |
| vs. | : | Civil Action No. 2:16-cv-287-cr |
| | : | |
| DAIRY FARMERS OF AMERICA, INC. | : | |
| and DAIRY MARKETING SERVICES, LLC, | : | |
| | : | |
|     Defendants | : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5th, 2020, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system which will be sent electronically to the registered parties below and paper copies will be sent to those indicated as non-registered participants.

### Registered Parties:

Joel G. Beckman, Esq. (jbeckman@nbparis.com)
Gary L. Franklin, Esq. (gfranklin@primmer.com)
William C. Nystrom, Esq. (wnystrom@nbparis.com)
Michael Paris, Esq. (mparis@nbparis.com)
Elizabeth A. Reidy, Esq. (ereidy@nbparis.com)
Dana A. Zakarian, Esq. (dzakarian@nbparis.com)
Jason M. Turner, AUSA (jason.turner4@usdoj.gov)
Alfred C. Pfeiffer Jr., Esq. (al.pfeiffer@lw.com)
Margaret M. Zwisler, Esq. (margaret.zwisler@lw.com)
Jennifer L. Giordano, Esq. (jennifer.giordano@lw.com)
W. Todd Miller, Esq. (tmiller@bakerandmiller.com)
Ian P. Carleton, Esq. (icarleton@sheeheyvt.com)
Elyse M. Greenwald, Esq. (elyse.greenwald@lw.com)

### Non-registered Parties:
Molly M. Barron, Esquire
Sarah M. Ray, Esquire
*Latham & Watkins, LLP*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111


                         JOHNSON, DUFFIE, STEWART & WEIDNER


                    By:    /s/  Marvin Beshore, Esquire
                           *Admitted Pro Hac Vice*