# EXHIBIT A

## FIRST CLAIM:  SECTION 1 OF THE SHERMAN ACT
## EXISTENCE OF A CONSPIRACY
## (ELEMENT 1)

A conspiracy is an agreement or an understanding between two or more persons or entities to share a conscious commitment to a common scheme that is designed to achieve an unlawful objective.  In this case, each Plaintiff claims that the illegal purpose or goal of the alleged conspiracy was to give DFA control over the supply of raw Grade A milk in a relevant antitrust market.

To prevail on this Section 1 claim, each Plaintiff must prove both of the following elements by a preponderance of the evidence:

(1) that the alleged conspiracy to give DFA control over the supply of raw Grade A milk in Order 1 existed; and

(2) that Defendants knowingly became a member of that conspiracy.  To act knowingly means to participate deliberately, and not because of mistake or accident or other innocent reason.

Each Plaintiff alleges that the conspiracy was comprised of three types of conduct: (1) Defendants allegedly agreed with other cooperatives not to solicit each other's members and to share farmer pay price information; (2) Defendants allegedly entered into full supply and outsourcing agreements with processors; and (3) Defendants allegedly coerced farmers who were independent or belonged to another cooperative to join DFA.  For any Plaintiff to succeed on this claim, you must find that these three alleged restraints were all part of a single conspiracy, as opposed to, for example, three different conspiracies that were each independent of each other.

To determine whether these three alleged restraints constitute one conspiracy, you must look to (1) whether there was a common goal among the conspirators; (2) whether their agreement contemplated bringing to pass a continuous result that will not continue without the continuous cooperation of conspirators; and (3) the extent to which the participants overlap in the various dealings.  If, after considering these factors, you find that these alleged restraints were part of the same conspiracy to give DFA control over the

milk supply in a relevant market, only then must you determine if the actions taken were reasonable or unreasonable.

To establish the existence of a conspiracy, the evidence need not show that its members entered into any formal or written agreement. The agreement itself may have been entirely unspoken and unwritten. A person can become a member of a conspiracy without full knowledge of all of the details of the conspiracy, the identity of all of its members, or the parts such members played in the charged conspiracy. The members of the conspiracy need not necessarily have met together, directly stated what their object or purpose was to one another, or stated the details or the means by which they would accomplish their purpose. To prove a conspiracy existed, however, the evidence must show that the alleged members of the conspiracy came to an agreement or understanding among themselves to accomplish a common purpose.

A conspiracy may be formed without all parties coining to an agreement at the same time, such as where competitors separately accept invitations to participate in a plan to restrain trade. Similarly, it is not essential that all persons acted exactly alike, nor is it necessary that they all possessed the same reason or purpose for entering the agreement. It is also not necessary that all of the means or methods claimed by the Plaintiffs were agreed upon by each individual Defendant to carry out the alleged conspiracy, nor that all of the means or methods that were agreed upon were actually used or put into operation, nor that all the persons alleged to be members of the conspiracy were actually members. It is the agreement or understanding to restrain trade by giving DFA control over the supply of milk in a relevant market that can constitute a conspiracy. Therefore, you may find a conspiracy existed regardless of whether it succeeded or failed.

Each Plaintiff may prove the existence of the alleged conspiracy through direct evidence, circumstantial evidence, or both. Direct evidence is explicit and requires no inferences to establish the existence of the alleged conspiracy.

Direct evidence of an agreement may not be available, and therefore, a conspiracy may also be shown through circumstantial evidence. You may infer the existence of a conspiracy from the circumstances, including what you find the alleged members actually

did and the words they used. However, mere similarity of conduct among various persons, or the fact that they may have associated with one another and may have met or assembled together, at meetings or otherwise, does not by itself establish the existence of a conspiracy. If they acted similarly but independently of one another, without agreement among them, then there would not be a conspiracy.

In determining whether an agreement or understanding between two or more persons has been proved, you must view the evidence as a whole and not piecemeal.

Authorities: Jury Instructions 16 and 17 in *In re Processed Egg Products Antitrust Litigation,* No. 08-md-2002 (E.D. Pa.) (attached as Exhibit B); corresponding jury verdict question cited favorably in *In re Processed Egg Products Antitrust Litigation*, 962 F.3d 719, 725 (3d Cir. 2020); *Model Jury Instructions in Civil Antitrust Cases*, A-13, A-21 (Am. Bar Ass'n 2016); (modified instruction); *Model Jury Instructions in Criminal Antitrust Cases*, B-109 (Am. Bar Ass'n 2009) (modified instruction); *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984).