# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | : : : : : | MULTIDISTRICT LITIGATION |
| *THESE INSTRUCTIONS APPLY TO:* ALL DIRECT ACTION PLAINTIFFS | : : | No. 08-md-2002 |

# JURY INSTRUCTIONS

## INSTRUCTION NO. 16

Under the Sherman Act, a restraint of trade is illegal only if it is found to be unreasonable. You must therefore determine (1) whether there was a contract, agreement, combination or conspiracy that restrained trade and, if so, (2) whether the restraints challenged here—(a) the UEP recommended short-term measures, (b) the UEP Certified Program as challenged, and (c) the USEM export programs—are, together, unreasonable.

These three alleged restraints must all be part of a single conspiracy, as opposed to, for example, three different conspiracies that were each independent of each other. To determine whether these three alleged restraints constitute one conspiracy, you must look to (1) whether there was a common goal among the conspirators; (2) whether their agreement contemplated bringing to pass a continuous result that will not continue without the continuous cooperation of conspirators; and (3) the extent to which the participants overlap in the various dealings. If, after considering these factors, you find that these alleged restraints were part of the same conspiracy to reduce supply of eggs, only then must you determine if the actions taken were reasonable or unreasonable. There are a number of steps to this inquiry, which I will first summarize before going into each in detail.

In making this determination, you must first determine whether the plaintiffs have proven that the challenged restraints have resulted in a substantial harm to

competition in a relevant product and geographic market. If you find that the plaintiffs have proven that the challenged restraints resulted in a substantial harm to competition in a relevant market, then you must consider whether the restraints produce countervailing competitive benefits. If you find that they do, then you must balance the competitive harm against the competitive benefit. The challenged restraints are illegal under Section 1 of the Sherman Act only if you find that the competitive harm substantially outweighs the competitive benefit. Before going into each step of the analysis in more detail, I first want to address how you determine if companies conspire together.

## INSTRUCTION NO. 17

A conspiracy is an agreement or understanding between two or more persons to do something illegal. In this case, the plaintiffs claim that illegal purpose or goal was to restrain trade by limiting egg supplies. They claim this occurred from May 15, 2000 until at least December 31, 2012. Specifically, the plaintiffs allege that Rose Acre Farms, United Egg Producers, and United States Egg Marketers and others participated in a conspiracy to restrain trade by limiting eggs supply.

The plaintiffs must prove both of the following two elements by a preponderance of the evidence:

(1) the alleged conspiracy to restrain egg supplies existed; and

(2) as to each individual defendant, that defendant knowingly became a member of that conspiracy. To act knowingly means to participate deliberately, not because of a mistake, accident or other innocent reason.

The basis of a conspiracy is an agreement or understanding between two or more persons. Remember: companies, associations and similar organizations are considered "persons." Here, an agreement or understanding between two or more persons exists when they share a commitment to a common scheme to achieve an unlawful purpose.

To establish the existence of a conspiracy, the evidence need not show that its members entered into any formal or written agreement. The agreement itself may

34

have been entirely unspoken and unwritten. A person can become a member of a conspiracy without full knowledge of all of the details of the conspiracy, the identity of all of its members, or the parts such members played in the charged conspiracy. The members of the conspiracy need not necessarily have met together, directly stated what their object or purpose was to one another, or stated the details or the means by which they would accomplish their purpose. To prove a conspiracy existed, however, the evidence must show that the alleged members of the conspiracy came to an agreement or understanding among themselves to accomplish a common purpose. To be a conspirator, the member does not need to have been involved at the start.

A conspiracy may be formed without all parties coming to an agreement at the same time, such as where competitors separately accept invitations to participate in a plan to restrain trade. Similarly, it is not essential that all persons acted exactly alike, nor is it necessary that they all possessed the same reason or purpose for entering the agreement. It is also not necessary that all of the means or methods claimed by the plaintiffs were agreed upon by each individual defendant to carry out the alleged conspiracy, nor that all of the means or methods that were agreed upon were actually used or put into operation, nor that all the persons alleged to be members of the conspiracy were actually members. It is the agreement or understanding to restrain trade by limiting egg supply that can constitute a

35

conspiracy. Therefore, you may find a conspiracy existed regardless of whether it succeeded or failed.

The plaintiffs may prove the existence of the alleged conspiracy through direct evidence, circumstantial evidence, or both. Direct evidence is explicit and requires no inferences to establish the existence of the alleged conspiracy.

Direct evidence of an agreement may not be available, and therefore, a conspiracy may also be shown through circumstantial evidence. You may infer the existence of a conspiracy from the circumstances, including what you find the alleged members actually did and the words they used. However, mere similarity of conduct among various persons, or the fact that they may have associated with one another and may have met or assembled together, at meetings or otherwise, does not by itself establish the existence of a conspiracy. If they acted similarly but independently of one another, without agreement among them, then there would not be a conspiracy.

In determining whether an agreement or understanding between two or more persons has been proved, you must view the evidence as a whole and not piecemeal.