UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| **GARRET AND RALPH SITTS, et al.,**<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**DAIRY FARMERS OF AMERICA, INC., and DAIRY MARKETING SERVICES, LLC,**<br><br>**DEFENDANTS.** | **Civil Action No. 2:16-cv-00287-cr** |

# EXHIBIT C

| | |
|---|---|
| **From:** | Dana Zakarian <dzakarian@nbparis.com> |
| **Sent:** | Friday, September 4, 2020 7:46 AM |
| **To:** | Pfeiffer, Al (Bay Area) |
| **Cc:** | Giordano, Jennifer (DC); Ray, Sarah (Bay Area); Johnson, David (DC); Barron, Molly (DC); Elizabeth Reidy; Joel Beckman; Michael Paris; Zwisler, Peggy (DC) |
| **Subject:** | Sitts v. DFA - Capper Volstead jury instruction inserts |

Al,

Pursuant to the Court's direction at the September 1, 2020 charge conference, below are Plaintiffs' proposed insertions for the Capper-Volstead instruction with case citations. Please include within Defendants' proposed instruction. We reserve our right to provide additional citations and/or revisions to Defendants' Capper-Volstead revised instruction.

Thank you.

Dana



Dana A. Zakarian
One Marina Park Drive, 15th Floor
Boston, MA  02210
Direct: (617) 778-9127
Fax:  (617) 778-9110


To qualify for Capper-Volstead immunity, a cooperative must also be operated for the mutual benefit of the members thereof, as such producers.  In other words, Capper-Volstead requires that cooperatives must be truly organized and controlled by, and for, producers. *See Case-Swayne Co. v. Sunkist Growers, Inc.*, 389 U.S. 384, 393-94 (1967) ("Nor does the proviso in s 1—'(t)hat such associations are operated for the mutual benefit of the members thereof'—broaden the earlier language. That provision, in conjunction with the other prerequisites for qualification under the Act—either that each member be limited to one vote without regard to the capital he furnished or that dividends on capital be limited to 8%, and that dealings in products of nonmembers be limited—was designed to insure that qualifying associations be truly organized and controlled by, and for, producers. In short, Congress was aware that even organizations of producers could serve a purpose other than the mutual obtaining of a fair return to their members, as producers, or be controlled by persons other than producers, and the proviso adds a measure of insurance that such organizations do not gain the Act's benefits."); *In re Mushroom Direct Purchaser Antitrust Litig.*, 621 F. Supp. 2d 274, 285 n.11 (E.D. Pa. 2009) ("It is troubling that the [cooperative] appears to have been organized for the benefit of mushroom distributors, whether fully integrated or whether affiliated, rather than for the benefit of the grower members. . . . In combination, these undisputed facts show that protecting true growers was not the purpose of the organization."); *Agric. Mktg. Act*, 36 U.S. Op. Atty. Gen. 326, 339 (1930) ("This language fairly imports that such producers, for such purposes, may cooperate through any organization, incorporated or unincorporated, for

1

the accomplishment of the purposes stated, so long as the only persons interested in the organization are producers, and its operations are conducted solely for their mutual benefit.").

In addition, the Capper-Volstead Act only protects producers – dairy farmers – not dairy processors.  *See National Broiler Marketing Ass'n v. United States*, 436 U.S. 816, 825-27 (1978) ("Congress did not intend to extend the benefits of the Act to processors."); *id.* at 834 (Brennan, J., concurring) ("[I]ntegrated . . . producers do not neatly fit the limitation Congress signified by the phrase 'as farmers'"); *Fairdale Farms, Inc. v. Yankee Milk, Inc.*, 635 F.2d 1037, 1043 (2d Cir. 1980) (citing Justice Brennan's concurring opinion); *In re Fresh & Process Potatoes Antitrust Litig.*, 834 F. Supp. 2d 1141, 1151-52 (D. Idaho Dec. 2, 2011) (adopting Justice Brennan's concurring opinion, which provided a "roadmap" to answer the question of whether a "integrated agribusiness" could receive protection from Capper-Volstead); *United States v. Hinote*, 823 F. Supp. 1350, 1358-59 (S.D. Miss. 1993) (adopting Justice Brenan's opinion, noting that it is "not only persuasive, but in the court's opinion, it is the only construction of the statute which is plausible in view of the Act's legislative history"). Indeed, Justice Brennan has explained:

> At some point along the path of downstream integration, the function of the exemption for its intended purpose is lost, and I seriously doubt that a person engaged in agricultural production beyond that point can be considered 'farmers' under the Act. . . . Thus, in my view, the nature of the association's activities, the degree of integration of its members, and the functions historically performed by farmers in the industry are relevant considerations in deciding whether an association is exempt.

*National Broiler*, 436 U.S. at 835-37 ("[E]xtending the exemption to integrators would stand the Act on its head."); *In re Mushroom Direct Purchaser Antitrust Litig.*, 621 F. Supp. 2d 274, 284 (E.D. Pa. 2009) ("When agricultural industries vertically integrate, including non-farmer middleman such as processors, the economic role of these middlemen exceeds the conduct Congress intended to permit through the Capper Volstead exemption.").



Elizabeth A. Reidy
One Marina Park Drive, 15th Floor
Boston, MA  02210
Main: (617) 778-9100
Direct: (617) 778-9115
Fax: (617) 778-9110
ereidy@nbparis.com

| | |
|---|---|
| **From:** | Dana Zakarian <dzakarian@nbparis.com> |
| **Sent:** | Sunday, September 6, 2020 9:55 AM |
| **To:** | Pfeiffer, Al (Bay Area); Giordano, Jennifer (DC); Barron, Molly (DC); Johnson, David (DC); Barron, Molly (DC); Zwisler, Peggy (DC); Ray, Sarah (Bay Area) |
| **Cc:** | Joel Beckman; Elizabeth Reidy; Michael Paris |
| **Subject:** | Sitts v. DFA |

Al,

Pursuant to the Court's direction at the September 1, 2020 charge conference, below are Plaintiffs' proposed insertions for the predatory acts instruction with case citations. Please include within Defendants' proposed instruction. We reserve our right to provide additional citations and/or revisions to Defendants' predatory acts revised instruction.

Thank you.

Dana



Dana A. Zakarian
One Marina Park Drive, 15th Floor
Boston, MA  02210
Direct: (617) 778-9127
Fax:  (617) 778-9110

If you find that Defendants have proven by a preponderance of the evidence that they are entitled to Capper-Volstead protection, then Plaintiffs must prove by a preponderance of the evidence that Defendants either: (1) willfully acquired or maintained monopsony power by predatory means; or (2) used their monopsony power to stifle or smother competition.  *See Fairdale Farms, Inc. v. Yankee Milk, Inc.*, 715 F.2d 30, (2d Cir. 1983) ("We held that the effect of the Capper-Volstead Act, 7 U.S.C. §§ 291–92, 'is to prevent the full application of the second element of this test to agricultural cooperatives,' so that the acquisition, maintenance, or exercise of monopoly power by 'predatory means' only was proscribed.") (citing *Fairdale Farms, Inc. v. Yankee Milk, Inc.*, 635 F.2d 1037, 1045 (2d Cir. 1980); *Agritronics Corp. v. Nat'l Dairy Herd Ass'n, Inc.*, 914 F. Supp. 814, 825 (N.D.N.Y. 1996) ("Nor are farmers immune when they or their cooperative engage in predatory practices directed at restraining trade, or use their legitimately acquired monopoly power in such a manner as to smother competition under Section 2 of the Sherman Act.").  "Predatory" acts include, but are not limited to, acts intended to eliminate or reduce competition, or acts that otherwise prey on independent producers.  *See* Black's Law Dictionary (11th ed. 2019) (modified); *Fairdale*, 635 F.2d at 1044 ("Of course, a cooperative may neither acquire nor exercise monopoly power in a predatory fashion by the use of such tactics as picketing and harassment.  Neither may it use its legitimately acquired monopoly power in such a manner as to stifle or smother competition."); *Maryland & Va. Milk Producers Ass'n v. U.S.*, 362 U.S. 458, 466-67 (1960) ("[Capper-Volstead] does not suggest a congressional desire to vest cooperatives with unrestricted power to restrain trade or to achieve a monopoly by preying on independent producers, processors or dealers intent on carrying on their own businesses in their own legitimate way.").  In determining whether a practice is "predatory," you must look at the totality of the circumstances.  *Farmland Dairies, Inc. v. New York Farm Bureau, Inc.*, 1996 WL 191971,

at * 6 (N.D.N.Y. Apr. 15, 1996) ("Courts must look at the totality of the circumstances when evaluating whether a practice is predatory.").

If you do find that Defendants have not met their burden to prove by a preponderance of the evidence that they are entitled to Capper-Volstead protection, Plaintiffs must instead prove that Defendants willfully acquired or maintained monopsony power in a relevant market by anticompetitive – not predatory – conduct. Conduct is anticompetitive when it attempts to exclude rivals without enhancing efficiency in the market. *See* ABA Model Jury Instructions, Instruction D-158